1  ETAN E. ROSEN  (State Bar No. 173728)
   Email: erosen@bprlaw.net
2  BEYER, PONGRATZ & ROSEN
   3230 Ramos Circle
3  Sacramento, CA 95827
   Telephone: (916) 369-9750
4  Facsimile: (916) 369-9760

5  Attorneys for Plaintiff
   JOYCE AVENELL

6

   PATRICIA K. GILLETTE  (State Bar No. 74461)
7  pgillette@orrick.com
   KRISTEN M. JACOBY (State Bar No. 243857)
8  kjacoby@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  The Orrick Building
   405 Howard Street
10 San Francisco, CA  94105-2669
   Telephone:    415-773-5700
11 Facsimile:    415-773-5759

12 Attorneys for Defendants
   BANK OF AMERICA, NATIONAL ASSOCIATION
13 (erroneously sued as "Bank of America Corporation") and
   KAREN SHORT
14

15               UNITED STATES DISTRICT COURT

16               EASTERN DISTRICT OF CALIFORNIA

17

18 JOYCE AVENELL,                        Case No.  2:07 CV-01715-LEW-DAD

19          Plaintiff,                   **STIPULATED PROTECTIVE
                                         ORDER CONCERNING THE
20     v.                                EXCHANGE OF INFORMATION**

21 BANK OF AMERICA CORPORATION,
   KAREN SHORT, an individual, and DOES 1
22 through 50, inclusive,,

23          Defendant.

24

25         The parties, Plaintiff Joyce Avenell and Defendant Bank of America, National

26 Association (erroneously sued as "Bank of America Corporation") and Karen Short, through their

27 attorneys of record, hereby stipulate and request that the Court order as follows:

28         1.     Any party involved in this litigation, or counsel for such party, may

STIPULATED PROTECTIVE ORDER CONCERNING THE EXCHANGE OF INFORMATION (CASE NO.  2:07 CV-01715-LEW-DAD)

designate as "CONFIDENTIAL" any document, testimony, information or material disclosed, or to be disclosed, through formal or informal discovery or otherwise in the course of this litigation in the manner hereinafter set forth.  Counsel are permitted to designate as "CONFIDENTIAL" only those documents as to which counsel entertains a good faith belief that such document is entitled to confidentiality.  Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Protective Order.

2. Any writing, document, or other information produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by stamping the word "CONFIDENTIAL" on the face of the writing, document or other information.

3. Any party, or counsel for such party, may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or within 45 days of receipt of the deposition transcript.  Portions of any deposition designated "CONFIDENTIAL" are to be marked as such by the reporter and are also to bear substantially the following designation: "Portions of this deposition were taken subject to the Protective Order of the Court.  These portions shall remain confidential and shall be treated according to the requirements of the Court's Order."  Whenever any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in this litigation, it shall be so marked and it shall be subject to all of the requirements of the Court's order.

4. Any party to this litigation, or counsel for such party, may designate as "CONFIDENTIAL" its responses to interrogatories or to requests for admission by labeling each response "CONFIDENTIAL."

5. "CONFIDENTIAL" material includes all material designated "CONFIDENTIAL" pursuant to the terms of this Order, as well as summaries and compilations derived from such materials, including but not limited to charts, tables, graphs and models.

6. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the court in conjunction with any discovery filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the

PDF created with pdfFactory trial version www.pdffactory.com

1  Clerk of the Court.  For all non-discovery filings or proceedings in which confidential material is
2  used or submitted to the Court, it shall be done so in accordance with the applicable law
3  governing the filing of records under seal.

4        7.     Except upon prior written consent of the party or counsel for the party
5  asserting "CONFIDENTIAL" treatment, or upon further order of this court, documents,
6  testimony, information or material designated as "CONFIDENTIAL" shall be held in strictest
7  confidence, shall be kept securely, and shall be used solely for the purpose of prosecution or
8  defense of this litigation and not for any business purpose whatsoever.

9        8.     Access to "CONFIDENTIAL" documents, testimony, information or
10 materials, as well as written or oral summaries or accounts thereof, shall be limited to:
11       (a)     Counsel for the respective parties (including in-house counsel and co-
12 counsel) and employees of said counsel who are assisting in the prosecution or defense of this
13 litigation;
14       (b)     Experts and consultants (including independent experts and consultants and
15 employees or clerical assistants of said experts) who are employed, retained or otherwise
16 consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing
17 opinions to assist in such litigation;
18       (c)     Officers, Directors or employees of the respective parties;
19       (d)     Parties to the litigation; and
20       (e)     The Court and officers of the Court.

21       9.     No party (including all individuals mentioned in ¶8(a)) shall, for itself or
22 any person or person acting on its behalf, make more copies of any "CONFIDENTIAL"
23 information or material than are reasonably necessary to conduct this litigation.

24       10.     Each person other than counsel and their staff or parties to whom a party
25 discloses material marked "CONFIDENTIAL" by the opposing party shall be shown a copy of
26 this Stipulation and Protective Order prior to such disclosure and shall acknowledge in writing his
27 or her consent to be bound by its terms.  The party disclosing any "CONFIDENTIAL" material
28 pursuant to this paragraph shall be required to maintain such written acknowledgments, but shall

PDF created with pdfFactory trial version www.pdffactory.com

not be required to disclose the identities of persons having reviewed the "CONFIDENTIAL" material.

11. If any party, or such party's counsel, objects to the designation of any document, testimony, information or material as "CONFIDENTIAL" the parties shall meet and confer in an effort to resolve any such dispute. If the parties are unable to resolve such dispute, the objecting party may bring a motion to have the contested information declared non "CONFIDENTIAL." Unless and until an order is entered to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Protective Order.

12. Nothing in this Stipulation and Protective Order shall be construed as prohibiting a party, or its counsel, from using or disclosing material it has designated as "CONFIDENTIAL."

13. Upon termination of this litigation, upon request of producing party, all originals and copies of "CONFIDENTIAL" documents, testimony, information or material (and all summaries thereof) shall be returned to counsel for the producing party or destroyed (if the documents are not originals and are subject to privilege rights of the party to whom the confidential information was produced) unless otherwise ordered by the court for good cause shown.

14. All persons who are granted access to "CONFIDENTIAL" documents, including any party to this action, their attorneys, or others who acknowledge their consent to be bound by this protective order but fail to comply with its provisions may be held in contempt for violation of this Court's order.

Dated: February 21, 2008                     BEYER, PONGRATZ & ROSEN


By:_____/s/_____
    ETAN E. ROSEN
    Attorney for Plaintiff
    JOYCE AVENELL

- 4 -
STIPULATED PROTECTIVE ORDER CONCERNING THE EXCHANGE OF INFORMATION (Case No. 2:07 CV-01715-LEW-DAD)

PDF created with pdfFactory trial version www.pdffactory.com

| | | |
|---|---|---|
| 1 | Dated:  February 22, 2008 | ORRICK, HERRINGTON & SUTCLIFFE LLP |

By:_____/s/_____
   PATRICIA K. GILLETTE
   KRISTEN M. JACOBY
   Attorneys for Defendants
   BANK OF AMERICA, NATIONAL
   ASSOCIATION and KAREN SHORT

IT IS SO ORDERED.

Dated:  02/25/2008

/s/ Ronald S. W. Lew
THE HON. RONALD S. W. LEW
JUDGE OF UNITED STATES DISTRICT COURT

- 5 -
STIPULATED PROTECTIVE ORDER CONCERNING THE EXCHANGE OF INFORMATION (CASE NO. 2:07 CV-01715-LEW-DAD)

PDF created with pdfFactory trial version www.pdffactory.com